Filed 1/23/24  P. v. Harris CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RODERICK HARRIS,<br><br>        Defendant and Appellant. | B323662<br><br>(Los Angeles County<br>Super. Ct. No. YA057798) |

APPEALS from orders of the Superior Court of Los Angeles County, Laura  Ellison, Judge.  Affirmed in part and dismissed in part.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Seth P. McCutcheon, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Roderick Harris, who was convicted of first degree murder, appeals from the trial court's order denying his petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1] He contends the trial court erred in declining to appoint counsel, allow briefing and hold a hearing on his facially sufficient petition, before denying the petition on the ground he is ineligible for relief. Any errors are harmless because it is not reasonably probable he would have obtained a more favorable result in the absence of such errors. The record of conviction demonstrates, without resort to impermissible factfinding, that he is ineligible for relief as a matter of law because he was prosecuted under the theory that he was the actual killer, who committed a willful, deliberate, and premeditated first degree murder. He was not prosecuted under any theory that could render him eligible for relief—felony murder based on participation in another crime, natural and probable consequences, or a theory of imputed malice. Accordingly, we affirm the order.

Harris also appeals from the trial court's order denying his motion to stay his restitution fines until the prosecution demonstrates his ability to pay such fines. The order is not appealable, as the trial court and this court lost jurisdiction to reduce his fines in 2007, when his direct appeal concluded and the judgment of his convictions became final. Accordingly, we

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). In the discussion section of this opinion, we refer to the statute by its current designation, section 1172.6.

Undesignated statutory references are to the Penal Code.

dismiss the appeal from the order denying his motion to stay the restitution fines.

## BACKGROUND

I. **Trial and Direct Appeal**[2]

    A. **Charges**

An information charged Harris with the murder of Michael Trent Martin (which occurred on or about October 27, 2003) and possession of a firearm by a felon. The information alleged, in pertinent part, that Harris personally and intentionally discharged a firearm, proximately causing great bodily injury and death to Martin. (§ 12022.53, subd. (d).) The information did not charge anyone other than Harris with Martin's murder.

    B. **Jury Instructions Given and Prosecutor's Argument to the Jury**

The only theory of first degree murder presented to the jury was willful, deliberate, and premeditated murder. After instructing the jury on the elements of murder, including that the killing was done with malice aforethought (CALJIC No. 8.10), and providing the definition of malice (CALJIC No. 8.11), the trial court instructed the jury with CALJIC No. 8.20, as follows, in pertinent part:

"All murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree.

_____

[2] We take the procedural history regarding Harris's murder conviction from the record in his direct appeal. (See *People v. Harris* (July 26, 2007, B190213) [nonpub. opn.].) We previously granted Harris's request for judicial notice of the appellate record in case No. B190213.

3

"The word 'willful,' as used in this instruction, means intentional.

"The word 'deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. The word 'premeditated' means considered beforehand.

"If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon pre-existing reflection and not under a sudden hear of passion or other condition precluding the idea of deliberation, it is murder of the first degree.

"[¶] . . . [¶]

"To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he/she decides to and does kill." (CALJIC No. 8.20.)

The trial court did not instruct the jury on aiding and abetting, as the prosecution's only theory of the case was that Harris was the actual killer, who fired multiple gunshots at the victim. Nor did the court instruct the jury on felony murder, or first degree murder liability under the natural and probable consequences doctrine or theory of imputed malice based on Harris's participation in a crime.

The trial court did instruct the jury on second degree implied malice murder (a crime of which Harris was not convicted). (See CALJIC No. 8.31.) The court also instructed the jury on the special enhancement allegation that Harris personally and intentionally discharged a firearm, proximately

4

causing great bodily injury and death to Martin. (See CALJIC No. 17.19.5.)

During argument, in discussing express malice and implied malice murder, the prosecutor told the jury, in pertinent part, "if you didn't find that the defendant [Harris] intended to kill, it can't be first degree murder." The prosecutor added, "intent to kill but without premeditation and deliberation would be a second degree murder. With premeditation and deliberation would be a first degree murder."

## C.      Verdicts and Sentence

The jury found Harris guilty of Martin's murder and possession of a firearm by a felon. As reflected on the verdict form, the jury found the murder to be in the first degree. The jury found to be true the firearm enhancement allegation that Harris personally and intentionally discharged a firearm, proximately causing great bodily injury and death to Martin. In March 2006, after finding prior conviction allegations to be true, the trial court sentenced Harris to 75 years to life in prison.

Harris appealed from the judgment of his convictions. In July 2007, this court affirmed the judgment. (*People v. Harris*, *supra*, B190213.)

## II.    Harris's Petition for Resentencing

In 2018, the Legislature enacted Senate Bill No. 1437, effective January 1, 2019, "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 1(f), p. 6674;

5

§§ 188, subd. (a)(3) & 189, subd. (e).)  Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Senate Bill No. 1437 added the following provision to section 188 (Stats. 2018, ch. 1015, § 2):  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).)  Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95, subdivision (a) to provide, among other things, that the statute applies to individuals convicted of murder on a "theory under which malice is imputed to a person based solely on that person's participation in a crime." (Stats. 2021, ch. 551, § 2.)

On or about July 20, 2022, Harris, as a self-represented litigant filed a petition for resentencing under former section 1170.95 (although by then the statute already had been renumbered section 1172.6).  Using a preprinted form, he checked all the boxes for a facially sufficient petition.  He also checked the box to request appointment of counsel.  The same day, the trial court summarily denied the section 1172.6 petition without appointing counsel, allowing briefing, or holding a prima facie hearing.  As reflected in the court's minute order, the court

6

concluded Harris is ineligible for resentencing, explaining: "The petitioner was convicted of first degree premeditated murder and the jury found that petitioner personally and intentionally discharged a firearm which proximately caused death to Michael Martin."

## III.  Notices of Appeal

On August 8, 2022, Harris filed a notice of appeal from the July 20, 2022 order denying his section 1172.6 petition for resentencing.  Also on August 8, 2022, Harris filed a notice of appeal from a July 11, 2022 order denying his "Motion to Stay Restitution Fines in Excess of $200.00 Unless the People Demonstrate Defendant Has the Ability to Pay" under section 1202.4, a motion he filed as a self-represented litigant.  Both notices of appeal were lodged under the same appellate case No., B323662.

We dismiss the appeal from the order denying the motion to stay fines because it is not an appealable order.  As Harris concedes in his briefing in this appeal, at this juncture, no court has jurisdiction to reduce his fines because the judgment of his convictions became final in 2007.  (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084-1088 [order denying motion to reduce restitution fine based on inability to pay was not appealable because the defendant made the motion after the conclusion of his direct appeal, when the court no longer had jurisdiction].)  Harris contends, however, that *if* he "prevails on his motion for resentencing under section 1172.6" the "trial court at the resentencing hearing should consider whether [he] has the ability to pay restitution fines, as well as any other fines and fees."  Because we are affirming the order denying Harris's section

1172.6 petition for the reasons explained below, we need not address this contention further.

## DISCUSSION

### I. Section 1172.6 and Other Applicable Law

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie

8

showing for relief. (§ 1172.6, subds. (b)-(c).) As our Supreme Court explained: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

If the trial court issues an order to show cause, the final step in the process is a hearing to determine if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder or attempted murder conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

When a trial court errs in declining to appoint counsel for a defendant in connection with a section 1172.6 petition for resentencing, we review for harmless error under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, which requires

a defendant to " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 974.) "More specifically, a [defendant] 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid*.)

## II.     Harris Is Ineligible for Relief Under Section 1172.6 as a Matter of Law

Harris contends the trial court erred in declining to appoint counsel, allow briefing and hold a hearing on his facially sufficient petition, before denying the petition on the ground he is ineligible for resentencing. We agree the court made these procedural errors. Harris further contends the errors were "prejudicial because there is nothing in the record of conviction establishing as a matter of law that [he] is ineligible for relief." To the contrary, the record of conviction establishes Harris was *not* "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) Thus, Harris is ineligible for relief under section 1172.6 as a matter of law, and he cannot establish it is reasonably probable he would have obtained a more favorable result in the absence of the errors.

Based on the jury instructions given at Harris's trial, as summarized above, the jury was required to find Harris acted with intent to kill in order to find him guilty of willful, deliberate and premeditated first degree murder as it did. (See CALJIC No. 8.20.) Further, as reflected on the verdict form, the jury found

10

Harris personally and intentionally fired upon Martin, causing Martin's death. Thus, the jury necessarily found that acting with express malice (intent to kill), Harris actually killed Martin, rendering Harris ineligible for relief under section 1172.6.

The record of conviction forecloses any possibility that the jury imputed malice to Harris based on his participation in another crime. The only offense placed in front of the jury was express malice murder. No other target offense was advanced by the prosecution or the defense.

Harris's citation of *People v. Langi* (2022) 73 Cal.App.5th 972 is misplaced. There, the Court of Appeal reversed an order denying a petition for resentencing under former section 1170.95. The appellate court concluded: "Because the record of conviction does not conclusively negate the possibility that the jury found appellant guilty of second degree murder by imputing to him the implied malice of the actual killer, without finding that he personally acted 'with knowledge of the danger to, and with conscious disregard for, human life' [citation], an evidentiary hearing is required." (*Langi*, at p. 984.) Here, unlike in *Langi*, Harris was not convicted of implied malice second degree murder, and as discussed above, Harris's record of conviction demonstrates the jury found he acted with intent to kill when he fired upon Martin and committed first degree murder.

Citing *People v. Offley* (2020) 48 Cal.App.5th 588, Harris argues, "a jury's true finding on a section 12022.53, subdivision (d), enhancement for personally using and discharging a firearm proximately causing great bodily injury or death does not render a person ineligible for resentencing under section 1172.6 as a matter of law." *Offley* is inapplicable here. There, two defendants were found guilty of murder after the trial court

11

instructed the jury on the natural and probable consequences doctrine as it applied to co-conspirators. (*Id*. at p. 593.) The trial court summarily denied the defendants' petitions for resentencing under former section 1170.95 on the ground "that both defendants were ineligible for relief" as a matter of law "because they had received sentence enhancements under section 12022.53, subdivision (d) for intentionally discharging a firearm and proximately causing the victim's death." (*Id*. at p. 592.) In actuality, only one of the defendants received an enhancement under section 12022.53, subdivision (d). As to that defendant, we concluded in our appellate opinion that we could not "rule out the possibility that the jury relied on the natural and probable consequences doctrine in convicting [him]." (*Id*. at p. 599.) We noted, however, that "if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied." (*Ibid*.)

Here, in contrast to *Offley*, there was only one defendant (Harris) and no conspiracy instruction based on the natural and probable consequences doctrine. In finding Harris guilty of first degree murder, Harris's jury could not have relied on any theory of murder liability which could render Harris eligible for relief under section 1172.6—felony murder merely based on participation in a target offense, natural and probable consequences, or imputed malice—because the jury was not instructed on any such theory, and no such theory was argued to the jury. As explained above, the record of conviction establishes Harris is ineligible for relief under section 1172.6 as a matter of law, without resort to impermissible factfinding, and the trial

12

court's errors are harmless.[3]  Accordingly, we affirm the order denying Harris's petition for resentencing.

**DISPOSITION**

The July 20, 2022 order denying the section 1172.6 petition is affirmed.  The appeal from the July 11, 2022 order denying the motion to stay fines is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

---

[3] Harris asserts that any conclusion that he "was the sole shooter" is "a conclusion [that] requires a factual finding, which is prohibited at the prima facie stage."  A relevant conclusion that requires *no* factfinding is that Harris *was prosecuted* as the sole shooter.  The trial court gave no jury instructions on aiding and abetting.  Thus, to find Harris guilty of first degree murder, the jury was required to find that he intended to kill and actually did kill Martin.